Gaston, Judge.
 

 This case has been brought before us by an appeal from an interlocutory order of the county of Lincoln, refusing to dissolve, and continuing until the hearing of the cause, an injunction which had issued upon the filing of the bill.
 

 The bill and the answers are very voluminous; and it is not necessary, for the purpose of deciding, or of shewing the grounds of our decision, upon the subject matter of this ap
 
 *195
 
 peal, to set them forth in detail. It will be sufficient to state, that upon the bill and the answers it appears, that a weak-minded though not insane man, of handsome fortune and little indebted, entered into a contract with one of the defendants, who was his connection by marriage, and in possession of his unbounded’ confidence, not a man of large estate, and considerably involved in debt, by which he conveyed away nearly all that he had on earth — the house in which he lived, his plantation, negroes, stock and furniture, of every description — in absolute property, upon asimple engagement, without security, to afford him subsistence during life. It also appears that, immediately after this contract was executed, differences arose between the parties, which led to repeated attempts on the part of the grantor to have it annulled; that in the course of these negotiations, the defendant exercised all the powers over the plaintiff’s will, which followed upon this change of dominion in the property, such as removing the negroes, taking away the provisions, and bargaining for the sale of the house and plantation; that under these circumstances, he and the two other defendants, who were cognizant of all that was done, succeeded in obtaining from the imbecile and distressed man
 
 at least
 
 three negroes, and bonds for $2,400; the only consideration for all which was,' his liberation from the oppressive contract. Now it is not for us to anticipate hów these matters shall appear, when the Cause shall be brought to a hearing; and we are reluctant to express any opinion which may prejudice the case of the defendants. But we have no difficulty in saying that, notwithstanding all the matters averred in the answers, enough of the bill stands undisputed and unexplained, fully to justify the order lor retaining the injunction until the hearing. There is such a sufficient probability of the plaintiff’s sustaining his claim for relief, as to forbid a motion which, if successful, might render any decree then, obtained by him, altogether unavailing.
 

 We deem it fit to notice a confusion in the statement made up for this Court, which, if it corresponds with the entries and orders below, may tend to inconvenience. The trans-script states that a motion was made to dissolve the injunc
 
 *196
 
 tion, and then proceeds thus: “ the case coming on to be heard upon the bill and answers, exhibits filed and argument of counsel, it is ordered and decreed that the injunction be continued’ until the’ hearing.” Here is an absurdity in terms. How can the Court order the injunction to be kept up until the hearing of the cause, when the cause is already heard
 
 7
 
 A motion to dissolve the injunction does not bring on a hearing of the cause. It is a motion made in the progress oí a cause, and preliminary to its hearing. The bill, answers and exhibits may be read upon that motion, with a view to the determination upon it. But
 
 the cause
 
 is not to be heard until it has been set down for hearing; and it is not, to be set down for hearing, until a full opportunity has been had, according to the éstablished course of the Court, of putting it into a state fit for an adjudication upon its merits.
 

 A certificate will- be sent to the Court below, in conformity to this opinion; and there must be judgment here against the appellant for the costs.
 

 Per Curiam. Decree below afijrmed.